IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN BEARY,**

    **Plaintiff,**

v.

**NATIONWIDE LIFE
INSURANCE COMPANY, et al.,**

    **Defendants.**

Case No. 2:06-CV-967
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Abel

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's Motion to Vacate Judgment and for Leave to File Amended Complaint (Doc. #41). For the reasons that follow, Plaintiff's motion is DENIED.

### I.

Plaintiff Kevin Beary is the Sheriff of Orange County, Florida. In November, 2006, he filed an action purporting to state claims for breach of fiduciary duty and unjust enrichment on behalf of public employers that sponsored retirement plans for their employees. Defendants are Nationwide Life Insurance Co., Nationwide Retirement Solutions, Inc., and Nationwide Financial Services, Inc. (collectively, "Nationwide" or "Defendants"). The facts and history of this case are set out in the Court's Opinion and Order dismissing Plaintiff's complaint for failure to state a claim, issued September 17, 2007. (Opinion and Order, Doc. #39). The Court held that Plaintiff's state law claims were preempted by the Securities Litigation Uniform Standards Act,

15 U.S.C. 77p(b), ("SLUSA"), because Plaintiff's Complaint satisfied the following elements:

1) It is a "covered class action" under 15 U.S.C. 78bb(f)(5)(b);

2) Plaintiff's claims for breach of fiduciary duty and unjust enrichment are based on state law;

3) "... the substance of Plaintiff's claim is that Nationwide misrepresented a relationship with Investment Advisors or, at a minimum, omitted to disclose material facts about the relationship." (Opinion at 7);

4) The challenged conduct was in connection with the purchase or sale of a covered security.

The Court's earlier analysis will not be fully repeated in this Opinion and Order. Plaintiff has now moved, under Federal Rules of Civil Procedure 59(e) and 15(a), to vacate the judgment, and to file an Amended Complaint. Plaintiff contends that the Amended Complaint does not implicate the misrepresentation element of SLUSA. Plaintiff does not dispute the Court's findings as to the remaining elements of SLUSA preemption.

## II.

The Sixth Circuit Court of Appeals discussed the standard under Rule 59(e) in *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999). Motions to alter or amend judgment under Rule 59(e) may be granted "if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis v. Jellico Community Hospital Inc.*, 912 F.2d 129, 133 (6th Cir. 1990); *Collison*, 34 F.3d at 236.

To constitute "newly discovered evidence," the evidence must have been previously

unavailable. *See ACANDS, Inc.*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); Charles A. Wright, 11 Federal Practice and Procedure § 2810.1 at 127-28 (1995). The Court of Appeals in *Engler* clearly expressed that: "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Engler*, 146 F.3d at 374 (internal citations omitted).

Plaintiff Beary, in his motion to vacate the judgment, does not even attempt to meet the standard of Rule 59(e). Plaintiff has not identified a clear mistake of law, a change in controlling law, or newly discovered facts. Rather, he takes issue with the Court's Opinion and Order dismissing the Complaint, re-argues the merits of his case, and raises new theories. Each argument raised in Plaintiff's motion was or could have been raised in opposition to Defendants' motion to dismiss the complaint. Likewise, Plaintiff's proposed Amended Complaint could and should have been filed, along with an appropriate motion for leave to file, before final judgment was entered.

With reference to Plaintiff's motion under Rule 15(a) to amend the Complaint, the Sixth Circuit has held that:

> While Rule 15 plainly embodies a liberal amendment policy, in the post-judgment context, we must also take into consideration the competing interest of protecting the "finality of judgments and the expeditious termination of litigation." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) (*quoting* 6 C. Wright & A. Miller, Federal Practice & Procedure 1489, at 694 (1990)); *see also Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (ruling that a trial court's discretion to allow amendments "narrows considerably after entry of judgment."); *Diersen v. Chicago Car*

3

> *Exch.*, 110 F.3d 481, 489 (7th Cir. 1997) (recognizing that "justice may require something less in post-judgment situations than in pre-judgment situations."). Thus, in the post-judgment context, we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment.

*Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). In *Morse*, the Court of Appeals reversed the decision of the district court denying the plaintiffs' post-judgment motion for leave to amend their securities fraud complaint. The Court found no evidence that plaintiffs had acted in bad faith by failing to amend its complaint prior to final judgment. Moreover, the defendants in *Morse* had notice of plaintiffs' intent to amend the complaint, based upon the plaintiffs' filing of objections to the magistrate judge's report and recommendation of dismissal. Last, because no discovery had been done, the defendants were not unduly prejudiced by allowing plaintiffs to amend their complaint, even post-judgment.

"Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799 (citations omitted). Rule 15(a) states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Denying leave to amend may be appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Morse*, 290 F.3d at 800 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 613 (6th Cir. 2005). A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. *Foman*, 371 U.S. at 182. The court may also refuse to allow an amendment that fails to state a cause of

4

action. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005); *Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984), citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

Nationwide had notice of Plaintiff's intent to amend his complaint, because Plaintiff attached a proposed amended complaint to his memorandum in opposition to Plaintiff's motion to dismiss. The prejudice of allowing Plaintiff to amend is minimal, considering that no discovery has been undertaken, and this is Plaintiff's first amended pleading. There is no evidence that Plaintiff acted in bad faith by failing to file an appropriate motion for leave to amend prior to final judgment, and his motions to vacate and amend were filed timely after judgment was entered. Therefore, while Defendants correctly state that Plaintiff has not met the standard under Rule 59(e) to amend or alter judgment, in the post-judgment context, the Rule 15(a) factors control the analysis. The Court finds that Plaintiff has met the liberal standard under Rule 15(a) for amendment of his complaint.

### III.

The Court next considers Plaintiff's proposed Amended Complaint on the merits, to determine whether amendment would be futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980); *Miller*, 408 F.3d at 817. Plaintiff's proposed Amended Complaint eliminates the specific paragraphs the Court cited in its analysis of the original Complaint for the proposition that "the substance of Plaintiff's claim is that Nationwide misrepresented a relationship with Investment Advisors." (Sept. 17, 2007, Opinion and Order at 7). Plaintiff maintains that he has not pled any

misrepresentation on the part of Nationwide, and that a false statement or omission is not a necessary element of his claims. (Motion to Vacate at 6). Rather, Plaintiff states that "the gist of [his] causes of action is that Defendants may not use their possession and control over his employees' investments . . . to generate and then retain the revenue sharing payments." (Id.) Plaintiff further contends that the "state action" exception preserves his claim from SLUSA preemption.

The Court finds that the essence of Plaintiff's proposed Amended Complaint is identical to the initial complaint. As set out in the Court's September 17, 2007 Opinion, SLUSA preempts covered class actions that allege a misrepresentation or omission of material fact in connection with the purchase or sale of a covered security. 15 U.S.C. § 78bb(f)(1)(A). The proposed Amended Complaint is based on the allegation that Nationwide engaged in unauthorized self-dealing with investment management firms, in breach of its fiduciary duties under Florida state law. (See Am. Compl. at ¶¶19-20). For that central allegation to be true, Nationwide must necessarily have misrepresented, explicitly or by omission, the nature or consequences of its agreements with investment advisors. *See Jacobs v. Vaillancourt*, 634 So. 2d 667, 671 (Fla. Dist. Ct. App. 2d Dist. 1994) (no breach of fiduciary duty where attorney had fully disclosed "nature and consequences" of estate planning instruments). The Court finds that such a misrepresentation or omission is implicit in Plaintiff's claim for breach of fiduciary duty.

Artful pleading is insufficient to overcome the application of SLUSA preemption. When the "gravamen" or "essence" of the complaint involves an untrue statement or substantive omission of a material fact, and when that conduct coincides with a transaction involving a covered security, SLUSA mandates dismissal. *See Dudek v. Prudential Secs., Inc.*, 295 F.3d 875,

6

879 (8th Cir. 2002) (affirming district court's dismissal of class action because "gravamen" of action involved untrue statements or omissions in connection with the purchase or sale of covered securities). *Spencer v. Wachovia Bank, N.A.*, Case No. 05-81016, 2006 U.S. Dist. LEXIS 52374 (S.D. Fla. May 10, 2006). In *Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 299-300 (3d Cir. 2005), the Third Circuit affirmed the district court's finding that the investor's state law claims against a brokerage firm were preempted by SLUSA because allegations of misrepresentation were central to each claim. The court rejected plaintiff's contention that because "misrepresentation" is not an element of the claims under state law, the factual allegations of misrepresentation are irrelevant to the SLUSA inquiry. The court reasoned that "allow[ing] artful pleading to undermine SLUSA's goal of uniformity [is] a result manifestly contrary to congressional intent." *Id.*

The Court finds that Plaintiff's proposed Amended Complaint would not survive a motion to dismiss based on SLUSA preemption, for the reasons expressed in its September 17, 2007 Opinion and Order. *See In re Dreyfus Mut. Funds Fee Litigation*, 428 F.Supp. 2d 342 (W.D. Pa. 2005) (dismissing state law claims arising out of alleged conflicts of interest, self-dealing, and undisclosed financial incentive agreements). The Court also finds that SLUSA's "state actions" exception does not apply, because on the face of the proposed Amended Complaint, the action is not brought by a State, a political subdivision, or a state pension plan. *See* 15 U.S.C. §77p(d)(2).

Plaintiff is not foreclosed from filing individual state law claims, or from bringing an action under SLUSA. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006) ("SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs

7

the right to use the class-action device to vindicate certain claims. The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist."). However, permitting Plaintiff to amend his class-action complaint, containing state law claims preempted by SLUSA, would be futile.

## IV.

For the foregoing reasons, Plaintiff's Motion to Vacate Judgment and for Leave to File Amended Complaint (Doc. #41) is **DENIED**.

**IT IS SO ORDERED.**

9-15-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

8